1

2

3

4

5

6

7                                  UNITED STATES DISTRICT COURT

8                                    EASTERN DISTRICT OF CALIFORNIA

9

10   AMADO ROJO,                                  1:12-CV-00444 GSA HC

11                          Petitioner,           ORDER DISMISSING PETITION FOR WRIT
12                                                 OF HABEAS CORPUS
            v.
13                                                ORDER DIRECTING CLERK OF COURT
                                                   TO ENTER JUDGMENT AND CLOSE CASE
14   JAMES D. HARTLEY, Warden,
                                                  ORDER DECLINING ISSUANCE OF
15                          Respondent.            CERTIFICATE OF APPEALABILITY
     _____/
16

17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge pursuant

19   to 28 U.S.C. § 636(c).

20          On March 23, 2012, Petitioner filed the instant petition for writ of habeas corpus.  He

21   challenges the California Board of Parole Hearings' application of parole guidelines as modified by

22   California Proposition 9 ("Marsy's Law") at his March 4, 2010, parole hearing.

23   A.  Preliminary Review of Petition

24          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

25          If it plainly appears from the petition and any attached exhibits that the petitioner is not
            entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
26          to notify the petitioner.

27   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1   dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

2   Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it

3   appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

4   440 F.2d 13, 14 (9th Cir. 1971).  The Court will review the instant petition pursuant to its authority

5   under Rule 4.

6   B.  Failure to State a Cognizable Ground for Relief

7           On January 24, 2011, the Supreme Court issued its opinion in Swarthout v. Cooke, ___

8   U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), and held that "the responsibility for assuring that

9   the constitutionally adequate procedures governing California's parole system are properly applied

10  rests with California courts, and is no part of the Ninth Circuit's business." Id., 131 S.Ct. at 863.

11  The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole

12  received due process is limited to determining whether the prisoner "was allowed an opportunity to

13  be heard and was provided a statement of the reasons why parole was denied." Id., at 862, citing,

14  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  According

15  to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into

16  whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862.  In this case, Petitioner

17  does not claim that he was denied an opportunity to be heard or that he was not provided a statement

18  of reasons for parole denial.  Therefore, to the extent Petitioner may challenge the decision of the

19  parole board, his claims are not cognizable.

20          Nevertheless, Petitioner claims the Board violated his constitutional rights in setting his next

21  hearing.  He contends Marsy's Law was applied to him retroactively in violation of the Ex Post Facto

22  Clause.  He states that prior to the application of Marsy's Law in his case, he was only subject to

23  parole review deferrals of one to two years; however, his parole hearing was postponed following his

24  March 4, 2010, hearing for a period of three years.

25          The Ex Post Facto Clause of the United States Constitution prohibits the states from passing

26  any "ex post facto law," a prohibition that "is aimed at laws 'that retroactively alter the definition of

27  crimes or increase the punishment for criminal acts.'" Cal. Dept. of Corrections v. Morales, 514 U.S.

28  499, 504 (1995); see also Weaver v. Graham, 450 U.S. 24, 28 (1981) (providing that "[t]he ex post

facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment

for an act which was not punishable at the time it was committed; or imposes additional punishment

to that then prescribed.'"). The United States Supreme Court has held that "[r]etroactive changes in

laws governing parole of prisoners, in some instances, may be violative of this precept." Garner v.

Jones, 529 U.S. 244, 250 (2000).

On November 4, 2008, California voters passed Proposition 9, the "Victims' Bill of Rights

Act of 2008: Marsy's Law," which, *inter alia*, altered the frequency of parole hearings for prisoners

not found suitable for parole.  Cal. Penal Code § 3041.5; Cal. Const., art. I, § 28.  Prior to the

passage of Proposition 9, in the event a prisoner was determined unsuitable for parole, a subsequent

parole hearing would be held annually thereafter. Cal Penal Code § 3041.5(b)(2) (2008).  If the

parole board determined it was not reasonable to expect parole would be granted within the next

year, it could defer rehearing for two years. Id.  If the prisoner was convicted of murder and it was

not reasonable to expect he/she would be granted parole within the year, the board could select a

rehearing term of up to five years. Id. Proposition 9 changed the frequency of subsequent parole

hearings as follows:

> The board shall schedule the next hearing, after considering the views and interests of the victim, as follows:
>
> (A) Fifteen years after any hearing at which parole is denied, unless the board finds by clear enumerated in subdivision (a) of Section 3041 are such that consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than 10 additional years.
>
> (B) Ten years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that . . . consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than seven additional years.
>
> (C) Three years, five years, or seven years after any hearing at which parole is denied, because . . . consideration of the public and victim's safety requires a more lengthy period of incarceration for the prisoner, but does not require a more lengthy period of incarceration for the prisoner  and convincing evidence that the criteria relevant to the setting of parole release dates than seven additional years.

Cal. Penal Code § 3041.5(b)(3) (November 4, 2008).

Petitioner claims an ex post facto violation occurred when Marsy's Law was applied to him

retroactively.  Prior to passage of Marsy's Law, Petitioner was eligible for a parole review hearing in

1    one to two years.  Petitioner asserts that with the application of Marsy's Law, he has been deferred a

2    subsequent parole hearing for three years.  Nevertheless, the Court does not find an ex post facto

3    violation.

4         In Morales, a California statute changed the frequency of reconsideration hearings for parole

5    from every year to up to three years for prisoners convicted of more than one murder. 514 U.S. at

6    503.  The Supreme Court determined the statute did not violate ex post facto because the retroactive

7    application of the change in California law did not create "'a sufficient risk of increasing the measure

8    of punishment attached to the covered crimes.'" Garner v. Jones, 529 U.S. 244, 250 (2000), *quoting*,

9    Morales, 514 U.S. at 509.  The Supreme Court noted that the law "did not modify the statutory

10   punishment for any particular offenses," it did not "alter the standards for determining either the

11   initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic

12   structure of California's parole law." Garner, 529 U.S. at 250, *citing*, Morales, 514 U.S. at 507.

13   Likewise, in this case Proposition 9 did not modify the punishment for Petitioner's offense of kidnap

14   for ransom, it did not alter his initial parole eligibility date, and it did not change the basic structure

15   of California's parole law.  The board must consider the same factors in determining parole

16   suitability as before.  See Cal. Penal Code 3041(b); Cal. Code Regs., tit. 15, § 2402(b).

17        Nevertheless as noted above, in Garner the Supreme Court found that "[r]etroactive changes

18   in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S.

19   at 250.  In Garner, the Supreme Court determined that an amendment to Georgia's parole law did not

20   violate ex post facto even where the frequency of reconsideration hearings was changed from every

21   three years to every eight years. Id. at 256.  The Court held that it could not conclude that the change

22   in Georgia law lengthened the prisoner's time of actual imprisonment because Georgia law vested

23   broad discretion with the parole board to set a prisoner's date of rehearing.  Id. at 254-56.  In

24   addition, the Court found it significant that the parole board's own policies permitted "expedited

25   parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives

26   new information that would warrant a sooner review." Id. at 254 [Citation.].

27        Here, the California parole board is still vested with broad discretion in selecting a date of

28   rehearing from three years to 15 years.  While it is true that Petitioner is no longer eligible for a

1  parole review hearing within two years as previously determined by the Board, and a date must be set

2  at the minimum of three years, the Board retains the discretion, as did the Georgia parole board in

3  Garner, to advance a hearing at any time should there be a change in circumstances. Pursuant to Cal.

4  Penal Code § 3041.5(b)(4), the Board

5        may in its discretion, after considering the views and interests of the victim, advance a
         hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or
6        new information establishes a reasonable likelihood that consideration of the public and
         victim's safety does not require the additional period of incarceration of the prisoner provided
7        in paragraph (3).

8  Based on the Supreme Court's holding in Garner, this Court does not find, and Petitioner has not

9  demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility of

10 producing the prohibited effect of increasing the measure of punishment for covered crimes."

11 Garner, 529 U.S. at 251, quoting, Morales, 514 U.S. at 509.

12       For the above reasons, Petitioner's challenges to the Board's application of Marsy's Law in

13 his case must fail.

14 C.  Certificate of Appealability

15       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

16 district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

17 El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue

18 a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

19       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
         district judge, the final order shall be subject to review, on appeal, by the court
20       of appeals for the circuit in which the proceeding is held.

21       (b) There shall be no right of appeal from a final order in a proceeding to test the
         validity of a warrant to remove to another district or place for commitment or trial
22       a person charged with a criminal offense against the United States, or to test the
         validity of such person's detention pending removal proceedings.

23
         (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
24               appeal may not be taken to the court of appeals from–

25               (A) the final order in a habeas corpus proceeding in which the
                 detention complained of arises out of process issued by a State
26               court; or

27               (B) the final order in a proceeding under section 2255.

28       (2) A certificate of appealability may issue under paragraph (1) only if the

applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **April 9, 2012**            /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE